UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

In re:

STANOCOLA EMPLOYEES MEDICAL            Case No. 10-11379
AND HOSPITAL ASSOCIATION, INC.            Chapter 11
    Debtor

### FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING CONFIRMATION OF THE FIRST AMENDED PLAN OF LIQUIDATION IMMATERIALLY MODIFIED AS OF MARCH 16, 2011

The court held a hearing on March 18, 2011 to consider confirmation of the Final Amended Plan of Liquidation Immaterially Modified as of March 18, 2011 [P-217] (the "Plan") filed by Stanocola Employees Medical & Hospital Ass'n, Inc., ("Debtor").

These written Findings of Fact and Conclusions of Law ("Findings and Conclusions")[1] supplement the oral findings made in at the hearing, and together with the oral findings and reasons announced in open court, shall constitute findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, made applicable to this proceeding by Rule 9014 of the Federal Rules of Bankruptcy Procedure. They are based on (i) the exhibits offered into evidence at hearing, (ii) judicial notice of the record of this case; (iii) the testimony of Don Varnado, the Debtor's Chief Executive Officer; and (iv) the argument of counsel at the hearing.

---

[1] For purposes of Fed. R. Bank. P. 7052(a), any of these findings of fact constituting conclusions of law should be treated as such; and any of these conclusions of law constituting findings of fact should be treated as such.

1.   Debtor filed a case under chapter 11 of Title 11, United States Code ("Bankruptcy Code") on September 3, 2010.

2.   Jurisdiction to hear and determine whether the Plan should be confirmed is based on 28 U.S.C. §§l57 and 1334.  This proceeding is a core proceeding under 28 U.S.C. §§157(b)(2)(L) (N) and (O).  Venue of this proceeding is proper pursuant to 28 U.S.C. §1409.

3.   The court's March 3, 2011 order approved the Debtor's First Amended Disclosure Statement in Support of Plan of Liquidation dated March 2, 2011 (the "Disclosure Statement") [P-182].  The order approving the Disclosure Statement [P-184] required that notice of the Disclosure Statement and Plan, along with a copy of the order fixing hearing on confirmation of the Plan be provided no later than March 3, 2011.  The record reflects that the Debtor filed a certificate of service [P-185] indicating that the Plan, Disclosure Statement and Order were served timely on all parties required to receive notice.  Under the circumstances, notice was proper and adequate to allow parties in interest to protect rights to appear and be heard in connection with the Plan.

4.   The Debtor filed a Summary of Ballots [P-205] disclosing that it received two ballots accepting the Plan, and that those ballots constitute acceptances of Plan Classes 1 and 2.  Classes 1 and 2 are impaired classes under the Plan because its treatments of the classes requires creditors in the classes to bear surcharges under 11 U.S.C. §506(c), and thus, means that Plan treatment of these classes does not leave unaltered the legal, equitable, and contractual rights to which such claim holders would be entitled under applicable non-bankruptcy law.

5. The Internal Revenue Service ("IRS") filed an objection to confirmation of the Plan [P-195]. In response to the objection and other issues arising before confirmation, the Debtor filed the final version of the Plan [P-217]. At hearing counsel for the IRS and counsel for Regions Bank ("Regions") represented that their clients had no opposition to the proposed modifications to the Plan. Further, the proposed immaterial modifications to the Plan do not alter the treatments accorded classes of creditors under the Plan and therefore are immaterial, and the parties affected by the modifications, who were present at hearing, consented to the modifications. Resolicitation of acceptances of the Plan is unnecessary pursuant to 11 U.S.C. §1127(a), and the acceptances of Classes 1 and 2 are presumed to be acceptances of the Plan as modified pursuant to 11 U.S.C. § 1127(d).

6. The evidence established that reorganization of the Debtor is not possible, and that liquidation of the Debtor is in the best interests of all creditors. The Plan provides the best interests of the creditor classes, and specifically provides a return to creditors equal to or greater than the projected return to creditors if the case were a liquidation case under chapter 7.

7. The Debtor has proposed the plan in good faith and not by any means forbidden by law.

8. The Debtor has complied with all applicable provisions of title 11, United States Code.

9. The Plan meets all requirements of 11 U.S.C. §1129(a), with the exception of §1129(a)(8) (acceptance by all classes). The Plan provides for no distribution to unsecured creditors in Class 4, which therefore under 11 U.S.C. § 1126(g) is presumed to have rejected the Plan. Notwithstanding the presumed rejection by Class 4, the debtor

has proven that the plan complies with applicable provisions of 11 U.S.C. § 1129(b). More specifically, the Plan does not separately classify claims in an unfairly discriminatory manner, and further proposes the same distribution scheme to which creditors would be entitled to receive had the case been converted to a liquidation under chapter 7. Thus, the Plan is fair and equitable within the meaning of 11 U.S.C. §1129(b)(2)(B) with regard to the Class 4 claims.

10. The testimony of Don Varnado and the exhibits admitted into evidence at the hearing established that the ordinary course of business expenses accruing but unpaid as of the confirmation hearing are reasonable expenses of the operation of the Debtor. Further expenses of professionals approved to act on behalf of and advise the Debtor have been approved by separate hearing. The Debtor's secured creditors have received a benefit equal to the value of the administrative expenses of the estate, including ordinary course of business expenses accrued but unpaid, allowed administrative expenses and Office of the United States trustee fees. The Plan's proposal to surcharge collateral under 11 U.S.C. §506(c) is reasonable and warranted.

11. The Debtor has no prior connection with Peoples Health Network ("PHN") the proposed purchaser of assets under the Plan. The Debtor came to the decision to sell its assets under the Plan only after a lengthy due diligence process by PHN, and after consultation by the Debtor with the affected creditor constituencies. The Debtor and PHN bargained at arm's-length and without collusion. The Debtor decided to sell certain assets to PHN after consideration of the debt and expense structure of the estate, operational cash flow needs, prospects for continued operation, and inspection of the assets. Both the Debtor and PHN have acted in good faith in connection with the sale

contemplated under the Plan. PHN is a good faith purchaser within the meaning 11 U.S.C. § 363(m) as to any transactions contemplated by the Plan.

12. The Debtor received no higher offer for the assets that the proposed purchase price (inclusive of non-cash considerations) offered by PHN. The purchase price of the assets to be sold by the Debtor to PHN under the Plan is reasonable and equivalent to the prevailing value of those assets. The sale of certain assets of the Debtor to PHN is not a sale of the whole entity to PHN, and concludes (i) PHN shall not be a continuation of or successor to the Debtor or the estate of the Debtor, (ii) that there shall be no continuity of enterprise between the Debtor or the estate of the Debtor and/or PHN, and (iii) the confirmation order shall not constitute or cause or amount to a consolidation, merger, or de facto merger of PHN with the Debtor or the estate of the Debtor.

13. Considerable harm may result from delaying consummation of the effectiveness of the confirmation order and consummating any transactions contemplated by the Plan. The Debtor will be unable to meet its ongoing obligations without further funding from PHN. Thus, the sale transaction contemplated by the Plan must be consummated as quickly as possible to avoid the possibility that the Debtor may continue to accrue debts beyond its ability to pay. Therefore, cause exists to abrogate in the entirety the stay of effectiveness of the confirmation order under Rule 3020(e) of the Federal Rules of Bankruptcy Procedure, and to abrogate the stays applicable to sale transactions and assignment of contracts, to the extent applicable, under Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure.

14. The court authorized the submission of proposed Findings and Conclusions by Debtor's counsel, and has independently reviewed the proposed Findings and

Conclusions and has determined that they are appropriate and necessary to supplement the court's oral ruling confirming the Plant on March 18, 2011. The court also authorized Debtor's counsel to submit a form of confirmation order.

Baton Rouge, Louisiana, March 24, 2011.

**s/ Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE